1  AARON M. CLEFTON, Esq.  (SBN 318680)
   PAUL L. REIN, Esq. (SBN 43053)
2  REIN & CLEFTON, Attorneys at Law
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  510/832-5001
   Fax:   510/832-4787
5  info@reincleftonlaw.com
6
7  IRAKLI KARBELASHVILI, Esq. (SBN 302971)
   ALLACCESS LAW GROUP
8  1400 Coleman Ave Ste F28
   Santa Clara, CA 95050
9  Telephone: (408) 295-0137
   Fax: (408) 295-0142
10 irakli@allaccesslawgroup.com
11
12 Attorneys for Plaintiff JAMES ALGER
13
14             UNITED STATES DISTRICT COURT
15             CENTRAL DISTRICT OF CALIFORNIA
16
17 _____
   JAMES ALGER,                          )  **Case No.** 23-cv-1040
18                                        )
                        Plaintiff,        )  ***Civil Rights***
19                                        )
20 vs.                                    )  **COMPLAINT FOR**
                                          )  **INJUNCTIVE AND**
21 METANOVA, LLC, FKA HAZENS              )  **DECLARATORY RELIEF AND**
   INVESTMENT, LLC; PYRAMID               )  **DAMAGES**
22 GLOBAL HOSPITALITY,                    )
23                                        )
                        Defendants.       )  **DEMAND FOR JURY TRIAL**
24                                        )
25                                        )
                                          )
26                                        )
27 _____        )

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
1

JAMES ALGER ("Plaintiff") complains of defendants METANOVA, LLC, FKA HAZENS INVESTMENT, LLC; PYRAMID GLOBAL HOSPITALITY (collectively, "Defendants") as follows:

## INTRODUCTION

1.      This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Sheraton Gateway Los Angeles Hotel" at 6101 W Century Blvd, Los Angeles, CA 90045 ("Sheraton Gateway"). Specifically, Defendants repeatedly denied Plaintiff, a person with a disability who uses a wheelchair or scooter for mobility, access to the swimming pool/spa because their chair lifts were inoperable and in disrepair.  They did so over a period of more than six months during each of Plaintiff's multiple visits, and even after he complained each time to resolve the issue prior to litigation.  Defendants also harassed and endangered Plaintiff when he parked in a disabled parking space because their valets have a policy and practice of driving through the unloading access aisle of the disabled parking spaces. Amazingly, Defendants valets honked at Plaintiff and told him to get out of the way when he was disembarking his vehicle and using the parking access aisle, so that the valet could drive through it.

2.      Defendants' lack of accessible facilities denies "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplementary California civil rights laws. As a result, Plaintiff has been continuously denied full and equal access to Sheraton Gateway and has been embarrassed and humiliated. Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for full and equal access and statutory damages under California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

## JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

4.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

## PARTIES

5.     Plaintiff JAMES ALGER ("Plaintiff") is and at all times relevant here was, a qualified individual with a physical disability. Plaintiff suffers from Charcot-Marie-Tooth disease, a disorder that causes damage to the peripheral nerves and atrophies muscles. A work injury caused this disease to decline rapidly. As a result of his disability, Plaintiff has severe difficulty walking, as well as difficulty with fine motor skills. Plaintiff relies on a wheelchair or scooter to ambulate outside the home and is able to drive a vehicle equipped with hand controls but requires assistance once at his destination. Plaintiff requires assistance with activities of daily living such as dressing, grooming, loading his scooter in and out of vehicle if going to a remote location, etc. With a few exceptions, plaintiff is increasingly dependent on 24-hour care, and/or assistance. He does require overnight care. Plaintiff uses a noninvasive ventilator due to weakened respiratory muscles that affect his ability to adequately and safely breathe while lying down and requires assistance in setting it up, placing it on and taking it off as well as urgent assistance in the event of a power or unit failure. That assistance is generally provided by family members or friends of the family. Plaintiff's level of disability is such that once he is up and dressed for the day, he can proceed home which is equipped for

his disability so long as someone is there to assist as needed. Plaintiff possesses a disabled parking placard issued by the State of California and is a resident of Porter Ranch, California, about 45 miles from Sheraton Gateway.

6.      Defendants are and were the owners, operators, lessors and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

7.      Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of here.

## **FACTUAL ALLEGATIONS**

8.      Defendants have discriminated against Plaintiff because Sheraton Gateway' facilities and policies do not comply with the requirements of the ADA, the Unruh Act, the California Health and Safety Code, and the Disabled Persons Act. Defendants have failed and refused to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at Sheraton Gateway.

9.      Sheraton Gateway and its facilities, including, but not limited to, its entrances/exits, parking, interior paths of travel, transaction counters, restrooms, pool, and spa are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and of California Civil Code §§ 51 *et seq.*

10.     On information and belief, Sheraton Gateway and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

of Sheraton Gateway' construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

11.     Plaintiff stays at Marriott branded hotels at least 75 nights a year and is a Titanium member of Marriott, the highest level of elite membership. Plaintiff often stays at Marriott branded hotels in the Los Angeles area because Plaintiff's wife typically works from home three days a week and in Gardena twice a week. During the time she works in Gardena, Plaintiff still requires assistance with the operation of his noninvasive ventilator at night, getting dressed, and ready for the day. A friend of the family who often assists Plaintiff works in Hawthorne, CA. Therefore, out of convenience, Plaintiff tries to get a hotel near their primary place of employment.

12.     Plaintiff's residential community does not have a lift for the pool or the spa. Therefore, it is crucial for Plaintiff that whenever staying at hotels, that he has an opportunity to use the pool and spa for his health and enjoyment. Due to his disabilities, Plaintiff cannot safely enter and exit the pool without the use of an accessible pool lift. In Plaintiff's experience, Marriott hotels frequently either do not have a pool lift at all or have a pool lift that is inoperable. About 2 years ago, Plaintiff complained to the Marriott corporate office regarding the prevalent pool lift issue at five different Marriott hotels. While he was promised a response, none came.

13.     Plaintiff stayed at Sheraton Gateway on July 10-12, 2022; November 28-29, 2022; December 1-2, 2022; January 5-6, 2023; and January 23-24, 2023.

14.     When Plaintiff arrived to check-in at Sheraton Gateway in the evening of July 10, 2022, he parked in one of the designated accessible parking spaces at Sheraton Gateway's front parking lot. But he was unable to safely exit his car because Defendants' staff use the designated accessible parking spaces access aisle

and its adjacent wheelchair path of travel as a vehicular path to valet cars. The valets use the access aisle space between the designated disabled parking spaces as a short cut to the other side of the parking lot. When Plaintiff tried to exit his car into the access, the valet honked at Plaintiff and told him to move out of the way. Plaintiff closed his car's door and let the valet go through. The honking startled and surprised Plaintiff, and he was afraid he might have been hit had he been further along the process of getting out of his vehicle.

15.     Plaintiff then made his way to the check-in counter, which was inaccessible to him because it was very high:



16.     In fact, *all* of check-in counters were too high with the exception of one, and it was reserved for "airline crew check-in" only. Moreover, it did not have any computer terminal that could be used for check-in.   The high counter caused him difficulty and discomfort in the check-in because he had reach up to the counter to complete the process and he could not see easily what was on the counter.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

17.     The next day, Plaintiff went to the hotel swimming pool. But could not use the pool or spa because the lifts were covered by a protective cover, and they were not operable. Plaintiff complained to the front desk, and they confirmed that the lifts were not operable because there was no battery:



18.     When Plaintiff returned to Sheraton Gateway for his stay from November 28 to November 29, 2022, Plaintiff once again had difficulties parking in the designated accessible parking space in the front parking lot. This time there was a valet cone blocking the designated accessible parking space. Plaintiff's aid got out of the car and moved the cone so that he could park. During this stay, valet continued to use the wheelchair access aisle as a vehicular path. Plaintiff again had difficulties completing the check-in process because the check-in counter was too high. The next day, Plaintiff went down from his suit to the hotel swimming pool but again could not use the pool or the spa because both lifts were covered with protective covers and neither of them had batteries to operate them.

19.     Plaintiff encountered the same architectural and policy barriers in the same manner during his December 1-2, 2022; January 5-6, 2023; and January 23-24,

2023, stays at the Sheraton Gateway. As of January 27, 2023, Plaintiffs representatives confirmed that Defendants still continued to use the wheelchair access aisle as a vehicular path to valet car; the check-in counter was too high; and the pool and spa lifts were covered with protective covers and not operable.

20.     On December 7, 2022, Plaintiff complained by email to Alex Francis of Pyramid Global:

> Dear Sir,
> I was given this email address by the front desk at the Sheraton, Gateway Hotel near Los Angeles international Airport. It is my understanding that you are the general manager. I am writing today with concerns I have regarding my recent stays.
>
> On November 28 and again on December 1, 2022 I stayed at your property, the Sheraton, Gateway Hotel at LAX. As a Titanium Elite member of Marriott, it is my habit to stay at Marriott-branded hotels when I have the need to do so.
> (my back up is IHG/Hilton but I digress)
>
> I am disabled, require the use of a mobility scooter, or wheelchair, and am increasingly dependent on an additional individual to assist me. I do enjoy the use of the amenities, in fact, it tends to be why I choose a particular hotel. Of course, it starts with location, then, price, then amenities, specifically the availability of a pool and/or spa. Because of my disability, I require the use of a pool/spa lift. On both occasions, your lift was inaccessible.  First, it was covered by a protective cover, which completely negates the ability of a disabled person in a wheelchair to access it. Secondly, and more troubling, there was no battery in which to operate the lift. Thirdly, and of highest concern, the staff did not have a functioning battery to use with the lift, rendering the lift inoperable. Sadly, this is an issue that I run into routinely with Marriott. As I have often said, too [sic] many managers, by now, if you have a pool lift, but a disabled person cannot operate it, then you do not have a pool lift.

When I brought my concerns to the manager on site, she did say they would attempt to address the issue but I've not heard any follow-up of any sort, so I am sending you this email in the hopes that you will be able to rectify the situation.

I have included my contact information should you wish for any additional information.

21.     Plaintiff never received a response to this email.

22.     On January 5, 2023, Plaintiff complained to Defendants' staff through Marriott's web app about the lifts. Defendants' staff confirmed that the pool lifts were out of order. Plaintiff did not receive any clear answer on when the lifts would be fixed. On January 24, 2023, Plaintiff once again used the Marriott app to complain about the inoperable lifts. Defendants' staff said that they will send maintenance to the swimming pool. Plaintiff waited for maintenance near the pool, but they did not show up. Shortly after, Plaintiff spoke to "Henry," the director of Sheraton Gateway's front office. Plaintiff explained to Henry that he could not use the swimming pool or the spa because the lifts are always inoperable. Henry told Plaintiff that he would need to "double check" with Defendants' "director of engineering to see what they've been doing, [and] if they took out a battery." Despite these representations, the lifts for the pool and spa remain covered with protective covers and the batteries are missing.

23.     Plaintiff has been deterred from staying at the Sheraton Gateway more often because of the ongoing architectural and policy barriers. Plaintiff would have stayed at Sheraton Gateway on July 24, 2022; August 28, 2022; September 11, 2022; September 28, 2022; September 29, 2022; October 9, 2022; and November 6, 2022 but chose to stay elsewhere.

24.     These barriers to access are listed without prejudice to Plaintiff citing

1   additional barriers to access after inspection by Plaintiff's access consultant, per

2   the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034

3   (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir.

4   2011).

5   25.     Plaintiff alleges that it would be a futile gesture to provide notices of

6   violations relating to his continued or attempted visits, which are certain to occur

7   regularly following the filing of this Complaint. Therefore, Plaintiff will seek to

8   supplement this Complaint at the time of trial as to subsequent events, according to

9   proof.

10   26.     Defendants knew, or should have known, that these elements and policies

11   rendered Sheraton Gateway inaccessible, violate state and federal law, and

12   interfere with or deny access to individuals with similar mobility disabilities. Upon

13   information and belief, Defendants have the financial resources to remove these

14   barriers and make Sheraton Gateway accessible to the physically disabled. To date,

15   however, Defendants refuse to remove those barriers or to provide full and equal

16   access to Sheraton Gateway.

17   27.     As a result of Defendants' actions and failures to act and failure to provide

18   disabled access, Plaintiff suffered a denial of his civil rights emotional discomfort,

19   and denial of rights to full and equal access to public accommodations, all to his

20   general, special, and statutory damages. On each such denial of access, Plaintiff

21   has encountered barriers to full and equal access which have caused him difficulty,

22   discomfort, and embarrassment. Plaintiff has been required to seek legal assistance,

23   and seeks statutory attorney fees, litigation expenses, and costs, under federal and

24   state law.

25   28.     Plaintiff's goal in this suit is a positive one: to make Sheraton Gateway fully

26   accessible to persons with similar mobility disabilities.

27

**FIRST CLAIM:**

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

10

## VIOLATION OF THE ADA, TITLE III
### [42 U.S.C. §§ 12101 et seq.]

29.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

30.    Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

31.    Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

32.    The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

33.    The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq.* For example, Section 242.2 of the 2010 ADA Standards for Accessible Designs provides "242.2 Swimming Pools. At least two accessible means of entry shall be provided for swimming pools. Accessible means of entry shall be swimming pool lifts complying with 1009.2; sloped entries complying with 1009.3 . . . 242.4 Spas. At least one accessible means of entry shall be provided for spas. Accessible means of entry shall comply with swimming pool lifts complying with 1009.2." Defendants have violated this regulation.

34.    Plaintiff alleges on information and belief that Sheraton Gateway was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing or constructing (or both) the Sheraton Gateway in a

manner that did not comply with federal and state disability access standards even though it was practicable to do so.

35.    The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

36.    As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

37.    Plaintiff alleges on information and belief that Sheraton Gateway was modified after January 26, 1993. Any alterations, structural repairs, or additions since January 26, 1993, have independently triggered requirements for the removal of barriers to access for disabled persons per § 12183 of the ADA.

38.    Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of Sheraton Gateway to individuals with disabilities; (c) failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Sheraton Gateway available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to Sheraton Gateway and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which

discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to enter and exit Sheraton Gateway (including park in the designated accessible parking stalls) with ease and to use the swimming pool and spa is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at Sheraton Gateway on a full and equal basis. Therefore, the benefits of creating access, including, but not limited to, providing access including to the swimming pool and spa, does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

39.     Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

40.     Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### [Cal. Civil Code §§ 51 et seq.]

41.     Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

13

1   them here by reference as if separately repled hereafter.

2   42.    Sheraton Gateway is a business establishment within the meaning of the

3   Unruh Act.

4   43.    Defendants are the owner and/or operators of a business establishment.

5   44.    Defendants violated the Unruh Act by their acts and omissions:

6          a.   Failure to construct or alter Sheraton Gateway in compliance with

7               state building code and state architectural requirements;

8          b.   Failure to remove known barriers to access at Sheraton Gateway;

9          c.   Failure to modify policies and procedures as necessary to ensure

10              Plaintiff full and equal access to the accommodations, advantages,

11              facilities, privileges, or services of Sheraton Gateway; and

12         d.   Violation of the ADA, a violation of which is a violation of the Unruh

13              Act. Cal. Civil Code § 51(f).

14  45.    Plaintiff has experienced barriers to access at Sheraton Gateway, all of

15  which have caused him major difficulty, discomfort, and embarrassment. Plaintiff

16  suffered mental and emotional damages, including statutory and compensatory

17  damages, according to proof.

18  46.    On information and belief, Sheraton Gateway is also illegally inaccessible in

19  multiple other respects. As noted above, the barriers to access described in this

20  Complaint are listed without prejudice to Plaintiff citing additional barriers to

21  access after inspection by Plaintiff's access consultant(s)/expert(s).

22  47.    These barriers to access render Sheraton Gateway and its premises

23  inaccessible to and unusable by persons with mobility disabilities. All facilities

24  must be brought into compliance with all applicable federal and state code

25  requirements, according to proof. Plaintiff prays for leave to amend this

26  Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or

27  deny full and equal access to persons with similar mobility disabilities.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES
14

48.     Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

49.     As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to Sheraton Gateway. Defendants' discriminatory practices and policies that deny full enjoyment of Sheraton Gateway to persons with physical disabilities indicate actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

50.     On information and belief, the access features of Sheraton Gateway have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

51.     At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that his barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

52.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

53.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

54.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

55.     On information and belief, portions of Sheraton Gateway and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Sheraton Gateway and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Sheraton Gateway to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural

1  repairs or additions per Health & Safety Code §19959.

2  56.     Pursuant to the authority delegated by Government Code §4450, et seq, the

3  State Architect promulgated regulations for the enforcement of these provisions.

4  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted

5  the California State Architect's Regulations, and these regulations must be

6  complied with as to any alterations and/or modifications of Sheraton Gateway

7  and/or the building(s) occurring after that date. Construction changes occurring

8  prior to this date but after July 1, 1970 triggered access requirements pursuant to

9  the "ASA" requirements, the American Standards Association Specifications,

10  A117.1-1961.

11  57.     On information and belief, at the time of the construction and modification

12  of said building, all buildings and facilities covered were required to conform to

13  each of the standards and specifications described in the American Standards

14  Association Specifications and/or those contained in the California Building Code.

15  58.     Sheraton Gateway is a "public-accommodations or facilities" within the

16  meaning of Health & Safety Code §19955, *et seq.*

17  59.     As a result of the actions and failure to act of Defendants, and as a result of

18  the failure to provide proper and legally accessible public facilities, Plaintiff was

19  denied Plaintiff's right to full and equal access to public facilities and suffered a

20  loss of civil rights and rights as a person with physical disabilities to full and equal

21  access to public facilities.

22  WHEREFORE, Plaintiff requests relief as outlined below.

23  **FOURTH CLAIM:**

24  **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

25  **[Cal. Civil Code §§ 54 *et seq.*]**

26  60.     Plaintiff repleads and incorporates by reference, as if fully set forth

27  hereafter, the allegations contained in all paragraphs of this Complaint and

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

incorporates them herein as if separately repled.

61.     Sheraton Gateway is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code  § 54 *et seq.*

62.     The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

63.     The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code  § 54.1(a) (1).

64.     The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code  § 54.1(d).

65.     Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1.     Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2.      Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including but limited to: failing to remove known architectural barriers at Sheraton Gateway to make the facilities "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Sheraton Gateway in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3.      Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:[1]

     a.  From continuing the unlawful acts, conditions, and practices described in this Complaint;

     b.   To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at Sheraton Gateway;

     c.  To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Sheraton Gateway;

     d.  To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

     e.  To maintain such accessible facilities once they are provided;

---

[1] Plaintiff does not seek injunctive relief under Cal. Civil Code section 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

f.  To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Sheraton Gateway;

g.  To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at Sheraton Gateway.

4.  Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5.  Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6.  Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5.

7.  Plaintiff requests prejudgment interest under California Civil Code § 3291;

8.  Plaintiff requests interest on monetary awards as permitted by law; and

9.  Plaintiff requests any other relief that this Court may deem just and proper.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

Date: February 10, 2023                          REIN & CLEFTON
                                                 ALLACCESS LAW GROUP


                                                 ___*/s/ Irakli Karbelashvili*___
                                                 By IRAKLI KARBELASHVILI, Esq.
                                                 Attorney for Plaintiff
                                                 JAMES ALGER


## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: February 10, 2023                          REIN & CLEFTON
                                                 ALLACCESS LAW GROUP


                                                 ___*/s/ Irakli Karbelashvili*___
                                                 By IRAKLI KARBELASHVILI, Esq.
                                                 Attorney for Plaintiff
                                                 JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES